## MILES A. McLEOD *v.* FROST and SPRINGER et al.

Where an agent has purchased property for his principal, which has been seized by a creditor of the agent as his own property, in a contest between the principal and the seizing creditor, the agent is a competent witness to prove his agency, and that the property belongs to the principal.

APPEAL from the District Court of Lafourche, *Randall*, J. *Winchester Hall*, for plaintiff. *J. C.* and *A. Beatty*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. This is an action for the recovery of a horse, of which the plaintiff alleges himself to be the owner, and which had been seized on an execution against *Jordan*.

It appears, that on the 16th December, 1850, *Jordan* bought the horse at Donaldsonville, for, and by the directions of *McLeod* ; took a recceipt for the price, $265, in *McLeod's* name, and brought the horse to Thibodeuxville, in the parish of Lafourche, where the plaintiff lives, the next day being the day preceding the seizure. Before the seizure was made, *Jordan* stated, in the presence of the seizing creditor and others, at the livery stable where the

<div style="float:right">McLeod
*v.*
Frost.</div>

horse was put up, that the horse belonged to *McLeod*. *McLeod* had advanced one hundred and sixty-five dollars, and the residue *Jordan* paid out of money belonging to his wife, who was indebted to *McLeod*.

A portion of the evidence going to show that the horse was bought for, and by the direction of the plaintiff, is undisputed on the score of competency. But it is said, one of the witnesses, *Jordan*, was incompetent, on the ground of interest as a witness for the plaintiff, to prove the purchase for his account, by his authority and with his funds. We think the witness was properly admitted. His agency to purchase the horse at the price given was established *aliunde* ; and he was safely admitted to prove, that he acted according to the directions of his principal, and within the scope of his duty. An agent is admissible in such case, on the ground of necessity, and from considerations of public convenience; and moreover, his principal can never maintain an action against him for any act done according to his own directions, whatever may be the result of the suit in which he is called as a witness. See Greenleaf, 417.

It would seem that *Jordan* is embarrassed, as here was an execution out against him ; but we see no fair ground to suspect, that the plaintiff let *Jordan* use his name for the purpose of protecting *Jordan's* property, nor is he presented in the attitude of a party who has stood by, and let his property remain in the possession and control of another, under circumstances which might reasonably mislead the public.

Judgment affirmed, with costs.